**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID A. FALCON, | No. 18-55565 |
| Petitioner-Appellant, | D.C. No. 2:14-cv-02867-AG-RAO |
| v. | |
| NEIL MCDOWELL, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted August 31, 2020
Pasadena, California

Before: SILER,** BERZON, and LEE, Circuit Judges.

David Falcon appeals from the district court's denial of his petition for habeas

corpus. We have jurisdiction under 28 U.S.C. § 2253, and we review de novo the

denial of a habeas corpus petition. *See Sanders v. Cullen*, 873 F.3d 778, 793 (9th

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S.
Court of Appeals for the Sixth Circuit, sitting by designation.

Cir. 2017). We affirm.

1. Falcon's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(d), so he must show that the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(1)–(2); *Hurles v. Ryan*, 752 F.3d 768, 777 (9th Cir. 2014). We review the state court's last reasoned decision, which in this case is the California Court of Appeal opinion. *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012),

2. The only certified issue on appeal is whether Falcon's trial counsel provided ineffective assistance of counsel either (i) when he failed to present available evidence that Falcon argues impeached the prosecution's witnesses and supported Falcon's defense, or (ii) when he presented an alibi defense despite Falcon's earlier admissions of being at the crime scene. Thus, to be entitled to relief, Falcon had to show that the state appellate court unreasonably applied the standard from *Strickland v. Washington*, 466 U.S. 668 (1984) for ineffective assistance of counsel claims. To do so, Falcon must demonstrate that trial counsel provided deficient assistance and that Falcon suffered prejudice as a result. *See Harrington v. Richter*, 562 U.S. 86, 104 (2011). There is a strong presumption that counsel's

2

representation was reasonable, and prejudice requires a reasonable probability that the result would have been different but for counsel's errors. *See id.*

3. We need not decide whether Falcon's trial counsel provided deficient representation because he cannot satisfy the second prong of the *Strickland* analysis. He has not shown that there is a reasonable probability that the outcome of the trial would have been different had his trial counsel not committed the alleged errors because the evidence against him was overwhelming. When presented with a search warrant for his home, Falcon directed police to the gun used in the murder, which was stored in a closet in his home. There is no explanation in the record why the gun identified as the murder weapon was in Falcon's closet and how he knew it was located there. The only testimony on this point, by Falcon's aunt Anna Maria Sevilla, was quite implausible and, in any event, placed a gun under a patio, not in a closet in Falcon's room. Further, two eyewitnesses identified Falcon as the shooter, and an officer saw Falcon run home from an area near the crime scene. The California Court of Appeal therefore reasonably found that there was no reasonable likelihood that the outcome would have been different in the face of such strong evidence.

**AFFIRMED.**